

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20442-CR-MOORE/SIMONTON
18 U.S.C. § 1029(b)(2)
42 U.S.C. §§ 1320d-6(a)(2), (a)(3), & (b)(3)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 982

UNITED STATES OF AMERICA

v.

JACQUETTIA L. BROWN and
TEAR RENEE BARBARY,

      Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Palmetto General Hospital was a hospital located in Hialeah, Florida. As such, Palmetto General Hospital was a health care provider.

2. Palmetto General Hospital created patient profile records containing individually identifiable health information it received relating to its patients' medical conditions, the provision of health care to its patients, or the payment for the provision of health care to its patients.

3. Defendant **JACQUETTIA L. BROWN** was employed by Palmetto General Hospital as a Medical Records Administrator. In her capacity as a Medical Records Administrator, **BROWN** was authorized to work with the patient profile records containing individually identifiable health information of Palmetto General Hospital's patients for the purpose of performing her job duties. **BROWN** was not authorized to take patient profile records or disclose individually identifiable health information contained in patient profile records for personal gain.

## COUNT 1
### Conspiracy to Commit Access Device Fraud
### (18 U.S.C. § 1029(b)(2))

From in or around September 2008, and continuing through on or about May 1, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JACQUETTIA L. BROWN and
TEAR RENEE BARBARY,**

did knowingly and with intent to defraud combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to commit a violation of Title 18, United States Code, Section 1029(a), namely, to knowingly and with intent to defraud, traffic in and use one or more unauthorized access devices during any one-year period, and by such conduct obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(2).

2

## ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy and to achieve the object thereof, the co-conspirators committed and caused to be committed, in the Southern District of Florida, the following overt acts, among others.

1. Between in or around September 2008 and on or about May 1, 2009, **JACQUETTIA L. BROWN** took patient profile records containing individually identifiable health information relating to patients of Palmetto General Hospital without authorization. The individually identifiable health information included patients' names, birthdates, addresses, Social Security numbers, diagnoses, and next of kin contacts, among other types of information.

2. Between in or around September 2008 and on or about May 1, 2009, **JACQUETTIA L. BROWN** used individually identifiable health information contained on patient profile records to identify patients' credit card accounts and obtain patients' credit card account information, all without authorization.

3. Between in or around September 2008 and on or about May 1, 2009, **JACQUETTIA L. BROWN** obtained individually identifiable health information from Palmetto General Hospital relating to a patient, identified by the initials "C.C."

4. Between in or around September 2008 and on or about May 1, 2009, **JACQUETTIA L. BROWN** obtained individually identifiable health information from Palmetto General Hospital relating to a patient, identified by the initials "C.T."

5. Between in or around September 2008 and on or about May 1, 2009, **JACQUETTIA L. BROWN** obtained individually identifiable health information from Palmetto General Hospital relating to a patient, identified by the initials "R.R."

3

6. Between in or around September 2008 and on or about May 1, 2009, **JACQUETTIA L. BROWN** disclosed individually identifiable health information and credit card account information to others known and unknown to the Grand Jury.

7. In or around April 2009, **TEAR RENEE BARBARY** obtained from **JACQUETTIA L. BROWN** individually identifiable health information of a Palmetto General Hospital patient whose initials are "E.D." and credit card account information relating to "E.D."

8. On or about April 30, 2009, **TEAR RENEE BARBARY** used individually identifiable health information and credit card account information relating to Palmetto General Hospital patient "E.D." to make unauthorized credit card purchases aggregating an amount greater than $1,000.

9. In or around April 2009, **TEAR RENEE BARBARY** obtained from **JACQUETTIA L. BROWN** individually identifiable health information of a Palmetto General Hospital patient whose initials are "E.R." and credit card account information relating to "E.R."

10. On or about May 1, 2009, **TEAR RENEE BARBARY** possessed a credit card in the name of "E.R."

11. In or around April 2009, **TEAR RENEE BARBARY** obtained from **JACQUETTIA L. BROWN** individually identifiable health information of a Palmetto General Hospital patient whose initials are "I.Q." and credit card account information relating to "I.Q."

12. On or about May 1, 2009, **TEAR RENEE BARBARY** possessed a credit card in the name of "I.Q."

13. On or about May 1, 2009, **TEAR RENEE BARBARY** possessed six patient profile records containing individually identifiable health information relating to Palmetto General Hospital patients.

4

14. On or about May 1, 2009, **JACQUETTIA L. BROWN** possessed forty-one patient profile records containing individually identifiable health information relating to Palmetto General Hospital patients.

All in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNT 2
### Wrongful Disclosure of Individually Identifiable Health Information
### (42 U.S.C. §§ 1320d-6(a)(2) and (b)(3))

From in or around September 2008, to on or about May 1, 2009, in Miami-Dade County, in the Southern District of Florida, the defendant,

**JACQUETTIA L. BROWN,**

knowingly, and for a reason other than permitted by Title 42, United States Code, Chapter 7, Subchapter XI, Part C, obtained individually identifiable health information relating to an individual, that is, patients' profiles which included patients' names, birthdates, Social Security numbers, addresses, driver's license numbers, and next of kin contacts, said information having been collected by Palmetto General Hospital, with intent to sell, transfer, and use said information for personal gain.

In violation of Title 42, United States Code, Sections 1320d-6(a)(2) and (b)(3).

## COUNT 3
### Wrongful Disclosure of Individually Identifiable Health Information
### (42 U.S.C. §§ 1320d-6(a)(2) and (b)(3))

In or around April 2009, in Miami-Dade County, in the Southern District of Florida, the defendant,

**TEAR RENEE BARBARY,**

knowingly, and for a reason other than permitted by Title 42, United States Code, Chapter 7, Subchapter XI, Part C, obtained individually identifiable health information relating to an

5

individual, that is, patients' profiles which included patients' names, birthdates, Social Security numbers, addresses, driver's license numbers, and next of kin contacts, said information having been collected by Palmetto General Hospital, with intent to sell, transfer, and use said information for personal gain.

In violation of Title 42, United States Code, Sections 1320d-6(a)(2) and (b)(3).

## COUNTS 4-6
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1)

In or around April 2009, in Miami-Dade County, in the Southern District of Florida, the defendant,

**JACQUETTIA L. BROWN,**

during and in relation to a felony violation of Title 18, United States Code, Section 1029(b)(2), that is, knowingly and with intent to defraud combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to knowingly and with intent to defraud, traffic in and use one or more unauthorized access devices during any one year period, and by such conduct obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, knowingly transferred, possessed, and used, without lawful authority, the means of identification of another person specified as to each Count below:

| Count | Social Security Number | Patient |
|---|---|---|
| 4 | XXX-XX-4098 | C.C. |
| 5 | XXX-XX-7699 | C.T. |
| 6 | XXX-XX-0038 | R.R. |

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 7
## Wrongful Disclosure of Individually Identifiable Health Information
### (42 U.S.C. §§ 1320d-6(a)(3) and (b)(3))

On or about May 1, 2009, in Miami-Dade County, in the Southern District of Florida, the defendant,

**JACQUETTIA L. BROWN,**

knowingly, and for a reason other than permitted by Title 42, United States Code, Chapter 7, Subchapter XI, Part C, disclosed to another person, individually identifiable health information, that is, patients' names, birthdates, and Social Security numbers, said information having been collected by Palmetto General Hospital, with intent to sell, transfer, and use said information for personal gain.

In violation of Title 42, United States Code, Sections 1320d-6(a)(3) and (b)(3).

## FORFEITURE

1. The General Allegations section and the allegations contained in Count 1 of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest, pursuant to the provisions of Title 18, United States Code, Sections 1029(c)(1)(C) and (c)(2) and 982(a)(2)(B) and (b), and the procedures outlined at Title 21, United States Code, Section 853.

2. Upon conviction on Count 1 of the Indictment, the defendants, **JACQUETTIA L. BROWN** and **TEAR RENEE BARBARY**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property which the defendants used or intended to be used to commit the violation and, pursuant to Title 18, United States

7

Code, Section 982(a)(2)(B), any property constituting, or derived from, any proceeds which the defendants obtained, directly or indirectly, as the result of any such violation.

All pursuant to Title 18, United States Code, Sections 1029(c)(1)(C) and 982(a)(2)(B), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Sections 1029(c)(2) and 982(b).

A TRUE BILL

_____

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____

CHRISTOPHER J. HUNTER
ASSISTANT UNITED STATES ATTORNEY

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| JACQUETTIA L. BROWN, and<br>TEAR RENEE BARBARY, | **CERTIFICATE OF TRIAL ATTORNEY*** |
|                Defendants.<br>_____/ | Superseding Case Information: |

**Court Division**: (Select One)

   X   Miami   ___ Key West
   ___  FTL      ___ WPB  ___ FTP

New Defendant(s)   Yes ___  No ___
Number of New Defendants  ___
Total number of counts  ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   No
   List language and/or dialect   _____

4. This case will take   3   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                          (Check only one)

   I   0 to 5 days    X        Petty   ___
   II  6 to 10 days  ___      Minor  ___
   III 11 to 20 days ___      Misdem. ___
   IV 21 to 60 days ___      Felony  X
   V  61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)   No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes   X   No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes   X   No

 

_____
Christopher J. Hunter
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5501150

*Penalty Sheet(s) attached                                                 REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** JACQUETTIA L. BROWN

**Case No:** _____

Count #: 1

Conspiracy To Commit Access Device Fraud

Title 18, United States Code, Section 1029(b)(2)

* **Max.Penalty**:   Five (5) years' imprisonment

Count #: 2

Wrongful Disclosure of Individually Identifiable Health Information

Title 42, United States Code, Sections 1320d-6(a)(2) & (b)(3)

* **Max.Penalty**:   Ten (10) years' imprisonment

Counts #: 4-6

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)

***Max. Penalty:**   Two (2) years' imprisonment

Count #: 7

Wrongful Disclosure of Individually Identifiable Health Information

Title 42, United States Code, Sections 1320d-6(a)(3) & (b)(3)

* **Max.Penalty**:   Ten (10) years' imprisonment

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **TEAR RENEE BARBARY**

**Case No:** _____

Count #: 1

   Conspiracy To Commit Access Device Fraud

   Title 18, United States Code, Section 1029(b)(2)

**\* Max.Penalty:**     Five (5) years' imprisonment

Count #: 3

   Wrongful Disclosure of Individually Identifiable Health Information

   Title 42, United States Code, Sections 1320d-6(a)(2) & (b)(3)

**\*Max. Penalty:**     Ten (10) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**